IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES MAGRUDER, | * |
| Plaintiff, | * |
| v. | *  Civil No. PJM-06-2699 |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

*Pro se* claimant James Magruder has sued his employer, John E. Potter, Postmaster General, United States Postal Service ("Postal Service"), apparently alleging retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). The matter is before the Court on the Postal Service's Motion to Dismiss or, in the Alternative, for Summary Judgment. No hearing is necessary to dispose of this matter. *See* Local R. 105.6 (D. Md. 1999). For the following reasons, the Court GRANTS the Postal Service's Motion to Dismiss as to Magruder's back-pay-related claim, and GRANTS the Postal Service's Motion for Summary Judgment as to his postal route-related claim.

**I.**

The relevant facts are these:

On June 12, 1996, while employed as a Postal Service letter carrier at the Twinbrook Post Office in Rockville, Maryland, Magruder was issued a Notice of Removal for conduct unbecoming a postal employee and for making threatening remarks. Shortly thereafter, on July 1, 1996, Magruder filed an Equal Employment Opportunity ("EEO") complaint related to his

removal. On July 7, 1997, an arbitrator issued a decision ordering the Postal Service to reinstate Magruder and awarding back-pay and interest.

On December 4, 1997, the Postal Service issued Magruder a back-pay award check in the amount of $26,133.60. Four months later, the Postal Service issued another check in the amount of $2,395.02, representing the interest owed on the back-pay award. Pursuant to I.R.S. Publication 15, Circular E, Employer's Tax Guide, the Postal Service withheld a flat 28 percent in federal taxes from Magruder's back-pay and interest awards.

On December 31, 1998, more than one year after he received his back-pay award, Magruder initiated contact with an EEO counselor, claiming that too much tax had been withheld from his back-pay award. On April 21, 1999, he filed a formal administrative complaint of discrimination alleging that "[t]oo much federal tax [was] taken out of [his] 1997 back-pay award and late interest payment - 4/98." On August 31, 1999, the Postal Service issued a Final Agency Decision dismissing Magruder's complaint for improper venue. Rather than treating Magruder's claim as one of *retaliation*, the Postal Service considered it a petition for *enforcement* of the earlier back-pay award, and therefore found that Magruder should have filed it with the EEOC Office of Federal Operations ("OFO").

Magruder thereafter filed a complaint in Maryland state court, alleging that the Postal Service withheld excess federal taxes from his back-pay and interest awards in retaliation for his prior EEO activity. The lawsuit was subsequently removed to this Court. In an opinion dated May 22, 2001, this Court granted the Postal Service's motion for summary judgment, finding that Magruder had: (1) failed to timely exhaust his administrative remedies prior to filing his complaint and (2) failed to establish a *prima facie* case of retaliation.

While his case was pending in this Court, in March 2001, Magruder filed a petition with the OFO requesting enforcement of the back-pay award. On February 22, 2002, the OFO issued a decision on the petition for enforcement, finding the Postal Service in full compliance with the arbitrator's award and informing Magruder of his right to file suit in federal district court. One year later, on February 25, 2003, Magruder filed a second complaint in this Court, which the Court later dismissed for failure to file a claim within 90 days of the OFO's February 22, 2002 "right to sue" notification.

Years later, in July 2005, the Postal Service added 71 stops to Magruder's letter carrier route. According to the Postal Service, the additional stops were added pursuant to an inspection of each carrier's route, and only after two consultations with Magruder. The Postal Service further maintains that several other carriers also received additional stops, including one who received an increase of 90 deliveries.

In February 2006, Magruder again sought EEO counseling and filed a formal EEO complaint, this time alleging that the Postal Service retaliated against him for prior EEO activity when it: (1) withheld excess federal taxes from his back-pay and interest awards in 1997 and 1998 and (2) added additional stops to his letter carrier route. On March 9, 2006, the Postal Service issued a decision dismissing Magruder's complaint and informing him of his right to file a civil action or file an appeal with the OFO. Magruder opted to file an appeal with the OFO. In its decision dated August 3, 2006, the OFO dismissed Magruder's claim, finding that the back-pay-related matter had already been addressed and that the route-related claim was untimely due to Magruder's failure to initiate EEO action within 45 days of the alleged retaliatory action.

Ultimately, on October 13, 2006, Magruder filed yet another complaint in this Court, apparently alleging retaliation and asking the Court to award damages in the amount of

$350,000.[1] In this third suit Magruder appears to allege that the Postal Service retaliated against him for prior EEO activity when it: (1) withheld excess federal income tax from back-pay and interest awards issued in 1997 and 1998 and (2) added additional stops to his postal route in July 2005. On June 12, 2007, the Postal Service responded to Magruder's complaint by filing the instant Motion to Dismiss or, in the Alternative, for Summary Judgment.

## II.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must review all well-pleaded allegations in the complaint to determine whether such allegations could possibly entitle the plaintiff to relief. *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). A court may also consider documents outside of the pleadings, without converting the motion to one for summary judgment, provided the documents are integral to and explicitly relied upon in the complaint. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Thus, where, as here, the plaintiff's judicial complaint relies on administrative complaints, the administrative documents may be considered in ruling on a motion to dismiss, without converting the Rule 12(b)(6) motion into a Rule 56 motion. *See Phillips*, 190 F.3d at 618.

A party is entitled to summary judgment if the evidence in the record "show[s] that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. While all justifiable inferences are to be drawn in favor of the non-movant, such inferences must "fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *Thompson Everett, Inc. v. Nat'l Cable*

---

[1] The Court finds Magruder's complaint, standing alone, virtually incomprehensible. However, mindful of a district court's duty to construe *pro se* complaints liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and having at its disposal many of the documents associated with Magruder's administrative complaints, the Court views Magruder's complaint as a sufficiently-pleaded claim of retaliation under Title VII.

-4-

*Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). Summary judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citation omitted). Trial judges have an "affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24). A court should enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Where the plaintiff fails to meet this burden, the defendant should not be required to undergo "the considerable expense of preparing for and participating in a trial." *Hayes v. Hambruch*, 841 F. Supp. 706, 709 (D. Md. 1994) (Harvey, J.), *aff'd,* 64 F.3d 657 (4th Cir. 1995).

Even though intent is important in employment discrimination cases, the statutory purpose of summary judgment applies in no lesser degree to these types of cases than to commercial or other areas of litigation. *See Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) ("The summary judgment rule would be rendered sterile, however, if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion."). In the employment discrimination context, a subjective, even if genuine, belief of discrimination will not shield a non-moving plaintiff from a grant of summary judgment. *See Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988).

Because the Court need go no further than the administrative complaints to dispose of Magruder's back-pay-related claim, it will consider that claim in connection with the Postal

Service's Motion to Dismiss, in Part III hereof. The Court will consider the route-related claim in connection with the Postal Service's Motion for Summary Judgment, in Part IV hereof.

### III.

The Postal Service argues that Magruder's back-pay-related claim is barred under the doctrine of *res judicata* because it was previously adjudicated in federal district court. The Court agrees.

The doctrine of *res judicata* (claim preclusion) bars the assertion of a claim after a final judgment on the merits in a prior suit, where the prior claim was litigated by the same parties or their privies and was based on the same cause of action. *See, e.g.*, *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991); *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986). A party invoking the doctrine must establish three elements: (1) final judgment on the merits in a prior lawsuit, (2) the same cause of action in both the earlier and the later suit, and (3) the same parties in the same configuration in the two suits. *See, e.g.*, *Meekins*, 946 F.2d at 1057-58; *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990). With respect to the first element—whether final judgment on the merits was entered in a prior lawsuit—a prior lawsuit's dismissal, "other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). As for the second element—whether the same cause of action was litigated in both lawsuits—the Fourth Circuit has adopted a transactional test, whereby the appropriate inquiry is whether the new claim arose out of the same transaction or series of transactions as the claim resolved by the prior judgment. *See Harnett*, 800 F.2d at 1313.

All three elements of *res judicata* are satisfied here. First, it is beyond dispute that the matter of the taxation of Magruder's back-pay and interest awards was brought to a final

judgment on the merits on two prior occasions in this Court—on May 22, 2001, when the Court found Magruder's back-pay claim both untimely and lacking merit, and again on March 6, 2003, when the Court dismissed the same claim as untimely. Second, because both prior federal suits concerned the matter of the amount of tax withheld from Magruder's back-pay and interest payments, it is clear that all three lawsuits concern the same transaction or series of transactions. Third, the present lawsuit, like each of the two prior lawsuits, was brought by Magruder against the Postmaster General.

Accordingly, the Court finds that Magruder is barred from reasserting his claim that the Postal Service withheld too much in federal taxes from his back-pay and interest awards in retaliation for his prior EEO activity.[2] The Postal Service's Motion to Dismiss is GRANTED as to Magruder's back-pay-related claim.

## IV.

Magruder also claims that the Postal Service retaliated against him for his prior EEO activity when it added 71 stops to his letter carrier route in July 2005. The Court rejects this claim, primarily on the grounds that Magruder failed to exhaust his administrative remedies before filing suit in this Court. Secondarily, even assuming that Magruder had properly exhausted his administrative remedies before filing suit, the Court finds that he has failed to establish a *prima facie* case of retaliation.

## A.

Under Title VII, a claimant's failure to exhaust administrative remedies before filing suit in federal court mandates dismissal of the complaint. *Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731,

---

[2] The Court also notes, as it did in its Opinion dated May 22, 2001, that even if the Postal Service withheld too much in federal taxes from Magruder's back-pay and interest awards, he could have sought recovery of any excess withholding when he filed his yearly income tax return.

734 (E.D. Va. 2006). A federal employee who believes he has been subjected to employment discrimination must initiate EEO action by filing an informal complaint within 45 days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1). In general, failure to initiate EEO action within 45 days is grounds for dismissal of the employee's claim. *See Lorenzo*, 456 F. Supp. 2d at 734. In the present case, it is undisputed that Magruder did not seek EEO counseling regarding the postal route matter until February 2006, fully seven months after he became aware of the Postal Service's decision to add deliveries to his route. Consequently, judgment for the Postal Service as to Magruder's route-related claim is appropriate.

**B.**

Even assuming that Magruder had properly exhausted his administrative remedies before filing suit, his claim would still fail because he has failed to establish a *prima facie* case of retaliation.[3]

In order to establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in protected activity, such as the filing of an EEO complaint; (2) the employer took adverse employment action against the plaintiff; and (3) there was a causal connection between the protected activity and the adverse action. *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998). To establish a causal connection, a plaintiff must show that the employer had knowledge of the alleged basis for its actions. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) (holding that an employer's knowledge of the

---

[3] The burden shifting approach set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to retaliation claims under Title VII. Under that approach, the plaintiff must first establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff can establish a *prima facie* case, the burden shifts to the defendant to advance a legitimate nondiscriminatory reason for the employment decision at issue. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43 (2000) (citations omitted). The presumption of discrimination is removed once the defendant has advanced such a reason. *See id.* The plaintiff must then show by a preponderance of the evidence that the defendant's reasons were a pretext for discrimination. *See id.* (citations omitted). The plaintiff retains the ultimate burden of persuading the trier of fact that the defendant purposefully discriminated against him. *See id.*

alleged basis for its actions is absolutely essential to the establishment of a *prima facie* case of retaliation). A substantial lapse of time between the alleged basis for the employer's decisions and the adverse employment action tends to preclude satisfaction of the causation element of the *prima facie* case of retaliation. *See, e.g.*, *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) (per curiam) (holding that a period of 20 months between the protected activity and adverse action "suggests, by itself, no causality at all"); *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004) (finding that the passage of 9-10 months may negate an inference of causation); *Clark v. Chrysler Corp.*, 673 F.2d 921, 930 (7th Cir. 1982) (holding that a two-year period of time negates an inference of causation); *Burrus v. United Tel. Co.*, 683 F.2d 339, 343 (10th Cir. 1982) (holding that a three-year period of time negates an inference of causation).

Here, even if the Court assumes that the addition of deliveries to Magruder's route were deemed to constitute an adverse employment action – a question the Court does not reach – it is plain that he has failed to establish the causation element of a *prima facie* case of retaliation. Although he claims that the Postal Service added stops to his route in retaliation for his prior EEO activity, Magruder alleges no facts showing that the supervisors responsible for the route changes had any knowledge of or were in any way motivated to act in reprisal based on his prior EEO complaints. Moreover, the lengthy lapse of time – more than two years – between Magruder's EEO action and the route adjustment further disestablishes the causation element.

Magruder has not made out a *prima facie* case of retaliation.

**V.**

For the foregoing reasons, the Court GRANTS the Postal Service's Motion to Dismiss as to Magruder's back-pay-related claim. The Court GRANTS the Postal Service's Motion for Summary Judgment as to Magruder's postal route-related claim.

A separate order will ISSUE.

                                                  /s/
                                  PETER J. MESSITTE

August 13, 2007                UNITED STATES DISTRICT JUDGE